IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT HOWARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-CV-301-SMY-RJD ) |
| DEREK JOHNSON, | ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Howard, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Specifically, Plaintiff alleges that Defendant Derek Johnson hit his arm with a food cart and touched him with a dirty toilet plunger. Plaintiff proceeds on the following claims:

**Count 1:** Eighth Amendment claim of excessive force against Defendant Johnson for ramming a food cart into Plaintiff's hand and rubbing a plunger on Plaintiff's arm.

**Count 2:** Eighth Amendment claim for deliberate indifference against Defendant Johnson.

**Count 3:** State law claim of intentional infliction of emotional distress against Defendant Johnson for the excessive force incident.

This matter is currently before the Court on Defendant's Motion for Summary Judgment (Doc. 60). Plaintiff did not file a response. For the following reasons, Defendant's motion is **GRANTED**.

## Factual Background

The following facts have been taken from Plaintiff's deposition. Plaintiff Robert Howard was an inmate at Lawrence from February 2013 through April 2017 (Plaintiff's Deposition, Doc. 61-1 at 3). On September 11, 2015, at approximately 11:00 a.m., Defendant Johnson was passing out food trays to inmates (Id.). When Johnson finished passing out food trays, Howard went to the chuckhole and asked Officer Johnson, "Could you give me my laundry?" (Id. at 4). Johnson responded, "Hell, no" (Id.). Howard told Johnson, "Well, I'm going to take the chuckhole hostage until I get a lieutenant because I need my clothes. We're on lockdown" (Id.). Johnson ignored the request and began collecting the food trays (Id.).

When Johnson returned to collect the food trays at Howard's cell, Howard's arm was hanging out of the chuckhole (Id.). Howard was aware that taking the chuckhole hostage was against the rules (Id. at 7). He saw Johnson coming toward his cell with the food cart but left his arm out of the chuckhole because he did not want Johnson to be able to close the chuckhole until he received his laundry (Id. at 9). Johnson ran the food cart into Howard's arm and bent it back (Id. at 7). Howard told Johnson that he needed a lieutenant and needed medical attention (Id.). Johnson refused to get Howard medical attention for his arm (Id. at 10). Howard's wrist was swollen from being hit with the food cart and hurt for about three months (Id.).

After Johnson finished collecting the food trays on the cart (with the exception of Howard's), he left the deck to take the food cart downstairs (Id. at 10). Johnson returned upstairs with Officer Daniels (Id.). Officer Daniels asked Howard what the problem was and Howard explained he needed a lieutenant (Id.). Daniels left to get the lieutenant and when he returned, informed Howard that the lieutenant would not come to his cell until he gave back the food trays and removed his arm from the chuckhole (Id.). Howard refused to remove his arm until he was allowed to speak to a lieutenant and get medical attention (Id.).

Approximately ten minutes later, Johnson returned to the deck with a second unknown officer because the toilet in one of the other cells was flooded (Id.). Johnson said, "Man, Howard, come on, just give me the trays so I can close the chuckhole." Howard again refused (Id.). The second officer gave a toilet plunger to the inmates in the cell with the flooded toilet (Id.). After the plunger had been used, the second officer gave the plunger covered in a plastic bag to Johnson (Id.). Johnson was standing outside of Howard's cell with the plunger in his hand and said, "Put your hand in the chuckhole back in your room or I'm going to put this plunger on you." (Id.). Howard refused and Johnson then took the plastic bag off the plunger and said, "Look Howard, I'm going to give you one more time to put your arm back in the chuckhole" (Id.). Howard refused again and Johnson rubbed the rubber portion of the plunger containing feces and urine on Howard's arm (Id. at 10, 12). Howard still refused to remove his arm from the chuckhole (Id.). Johnson then left Howard's cell (Id. at 12).

Officer Daniels returned and brought Howard his laundry (Id.). Daniels told Howard he would give him the laundry in exchange for the trays (Id.). Howard again refused to remove his arm from the chuckhole and a lieutenant was called (Id.). When the lieutenant arrived, Howard explained the issue with his laundry and why his arm was in the chuckhole (Id.). The lieutenant ordered Howard to cuff-up. Howard was taken to the medical unit and then to segregation (Id.). The nurse in healthcare examined him and determined he was not in need of medical treatment at that time (Id. at 13).

For refusing to remove his arm from the chuckhole, Howard received a ticket for insolence and disobeying a direct order and served 30 days in segregation (Id. at 13-14). Howard alleges that he suffered emotional distress from sitting in segregation for 30 days (Id. at 15). He also alleges that the incident with the officer putting the plunger on his arm was "very

emotional" and caused him to have nightmares (Id.). He did not take any medication for his alleged emotional distress (Id.).

## Discussion

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323.

Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When deciding a summary judgment motion, the district Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## Count 1 – Excessive Force

The Eighth Amendment prohibits "cruel and unusual punishments" and has been interpreted by the United States Supreme Court to encompass the "unnecessary *and wanton* infliction of pain" upon prisoners in a correctional institution. *Wilson v. Seiter,* 501 U.S. 294, 296, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (emphasis added)). In excessive force cases, "[t]he central question is "whether force was applied in a good faith effort to maintain or restore discipline or

maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004). "In making that determination, several factors are relevant, including the need for the application of the force, the amount of force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate." *Id.* at 504. "Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury." *Whitley v. Albers*, 475 U.S. 312, 322 (1986).

Discipline and the safety of staff and inmates are of paramount concern to any correctional facility. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009); *Soto v. Dickey*, 744 F.2d 1260, 1266-67 (7th Cir. 1984). To maintain discipline, orders must be obeyed regardless of whether an inmate believes he must obey them. *Lewis*, 581 F.3d at 677. If an inmate refuses an order, "some means must be used to compel compliance." *Soto*, 744 F.2d at 1267. Here, Defendant Johnson ordered Howard to comply with a rule established for purposes of institutional safety, and Plaintiff refused. Therefore, some use of force was justified. The question is whether hitting Howard's arm with the cart was excessive.

Courts have granted summary judgment under similar facts. For instance, in *Walker v. Ahitow*, 9 F.3d 1549 (7th Cir. 1993), a correctional officer repeatedly ordered an inmate to remove his arm from the chuckhole. *Id.* at 2. When the inmate refused, the officer threatened to break the inmate's arm and twisted and forced his arm back, which resulted in scraping the skin off the inmate's arm. *Id.* The Seventh Circuit confirmed that unnecessary roughness does not equate to a constitutional violation and affirmed summary judgment based on the inmate's refusal to obey an order and the minor injuries. *Id.* at 1, 4. Similarly, in *White v. Matti*, 58 F. App'x 636, 637-38 (7th Cir. 2002), the Seventh Circuit upheld summary judgment of an

excessive force claim in which an inmate refused to remove his arm from a chuckhole and the correctional officer beat his hand with a plastic medication box, resulting in lacerations, bruises, cuts and swelling.

Here, the only injury Howard alleges from being hit with the food cart is swelling in his arm; a minor injury. As such, even if striking Howard with the food cart was unnecessary, it does not support an inference of wantonness in the infliction of pain.

Howard also alleges that Johnson subjected him to excessive force when he touched his arm with the plunger. But the Eighth Amendment does not apply to de minimis use of physical force unless the application of force is of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). While the Court finds the use of the plunger on Plaintiff's arm was wholly improper, the use of force involved was not the type that would offend the conscience under the circumstances. Thus, Plaintiff's excessive force claim (Count 1) is subject to summary dismissal.

**Count 2 – Deliberate Indifference**

Deliberate indifference to serious medical needs of inmates may constitute cruel and unusual punishment under the Eighth Amendment. *See*, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, the plaintiff must first show that his condition was "objectively, sufficiently serious" and second, that "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).

In order to satisfy the first element, a plaintiff must prove "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir.

2008) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)); *see also Foelker v. Outagamie Cnty.*, 394 F.3d 510, 512-13 (7th Cir. 2005) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."). Johnson argues that Howard's claim fails on this basis, and the Court agrees.

Howard has not established a serious medical need with regard to any injury to his arm. While having his arm touched with a toilet plunger covered in urine and feces is certainly disgusting, Howard did not suffer a serious medical need as a result of the contact. As previously noted, Howard's alleged injury resulting from being struck by the food cart was minor – not objectively, sufficiently serious. He alleges only that he suffered swelling in his arm; there was no bleeding and no broken bones. Indeed, he was taken to the healthcare unit where a nurse determined no medical treatment was necessary. On these facts, Defendant Johnson is also entitled to summary judgment as to Count 2.[1]

### Count 3 – Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress ("IIED") under Illinois common law, a plaintiff must show that: (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended to inflict severe emotional distress or knew there was a high probability that his conduct would cause severe emotional distress; and (3) the defendants' conduct did cause severe emotional distress. *Lifton v. Bd. of Educ. of City of Chi.*, 416 F.3d 571, 579 (7th Cir. 2005). Conduct is extreme and outrageous only if "the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency

---

[1] Defendant also asserts that he is entitled to qualified immunity on Howard's Eighth Amendment claims. Because the Court has concluded that the evidence does not create a genuine issue of material fact as to whether Defendant violated Howard's Eighth Amendment rights, it will not address the issue of qualified immunity.

…." *Public Finance Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976); *Cook v. Winfrey*, 141 F.3d 322, 331 (7th Cir. 1998).

As the Court previously found that Johnson did not use excessive force and was not deliberately indifferent to Howard's medical needs, the record does not support a finding of intentional infliction of emotional distress. In other words, Howard's failure to establish an adequate factual basis to support a finding of deliberate indifference or willful and wanton conduct on his § 1983 claim necessarily precludes him from making an adequate showing of extreme and outrageous conduct. Therefore, Johnson is entitled to summary judgment on Howard's intentional infliction of emotional distress claim.

## Conclusion

Defendant's Motion for Summary Judgment (Doc. 60) is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED: March 22, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
